STATE of Missouri, Respondent,

v.

Bernard IVY, Appellant.

Bernard IVY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61629, 63532.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 25, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie E. Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Bernard Ivy, appeals after a jury trial and sentencing on the charges of robbery first degree, a class A felony in violation of § 569.020 RSMo 1986, and a related armed criminal action charge, a class A felony in violation of § 571.015 RSMo 1986. The jury found defendant not guilty of additional charges of robbery first degree and a related armed criminal action charge. Before trial, the court severed two additional counts which charged attempted robbery, a class C felony in violation of § 564.011 RSMo 1986 and robbery second degree, a class B felony in violation of § 569.030 RSMo 1986. After the trial, defendant entered *Alford* pleas to these charges. The court sentenced defendant as a prior offender to serve a thirty-year term for robbery first degree, a consecutive five-year term for armed criminal action, a two-year term for attempted robbery concurrent to the sentence for robbery first degree, and, a five-year term for robbery second degree concurrent to the sentence for robbery first degree. Defendant appealed only the robbery first degree and related armed criminal action convictions. The trial court, acting as the motion court, denied defendant's Rule 29.15 motion for post conviction relief without an evidentiary hearing. We consider defendant's direct appeal and Rule 29.15 appeal.

### DIRECT APPEAL

On direct appeal, defendant claims four trial court errors which justify a new trial. Each claim is without merit. We will, however, briefly reply to defendant's claims of trial error. The first claim of error involves suppression of identification testimony of the victim and her fourteen-year-old daughter. The victim of the robbery surrendered her purse to defendant, who was armed with a sawed-off shotgun. She positively identified defendant. Her testimony did contain some inconsistencies, however, on several occasions she expressed the absence of any doubt. We find no prejudicially suggestive procedures at either the photo lineup or the in-person lineup. The claim depends in part, on the assumption victim's fourteen-year-old daughter identified defendant during trial. That assumption is factually incorrect. The daughter saw defendant walk past the passenger side of a vehicle in which she and her mother were present. A man approached the driver's side of the vehicle from the rear and took her mother's purse. The daughter did not know whether the defendant, whom she saw walk past the vehicle, was the individual who took her mother's purse. She, therefore, did not identify defendant before the jury and a claim of suggestive conduct relative to her testimony was not supportable as prejudicial.

■ Second, defendant argues the prosecutor personalized the crime to the jury. This claim of error was not preserved by timely objection, is not a matter of plain error and we find it to be inconsequential.

Third, defendant's claim that the court permitted the prosecutor to make "vilifying" remarks about defense counsel is unsupported by the record and argued on a ground not presented to the trial court. Defense counsel objected to a statement which was attributed to defense counsel stating that the victim was a liar. A general objection was made on the basis that this comment was a misstatement of defense counsel's argument. The argument was not in any sense an attack upon defense counsel which may have prejudiced defendant.

Fourth, we again reject the claim that submission of MAI–CR3d 302.04, the burden of proof instruction, constitutes error. The convictions for the robbery and armed criminal action charges are affirmed. Rule 30.25(b).

## RULE 29.15 APPEAL

Defendant appeals from the motion court's refusal to grant him an evidentiary hearing on two allegations of ineffective assistance on the part of his trial counsel.

■ In his *pro se* Rule 29.15 motion, incorporated by reference in the amended Rule 29.15 motion, defendant alleged that trial counsel was ineffective for failure to investigate and interview three police detectives who defendant claims pretextually arrested him on March 19, 1990 for the purpose of obtaining his photograph for use in a photographic lineup in the investigation of the charged crimes. The motion court properly denied this claim without evidentiary hearing because the record establishes that the charged crimes did not occur until April 14, 1990, nearly a month after the alleged pretextual arrest. Thus, the March 19, 1990 arrest could not possibly have been a pretext for obtaining defendant's photograph for use in investigating a crime that had not yet occurred.

Defendant's second allegation of ineffective assistance of counsel pertains to trial counsel's performance at the hearing on the motion for new trial. In the motion for new trial, defendant alleged that he was in possession of newly discovered evidence which came to his knowledge after trial and was sufficiently material that it would probably produce a different result. Specifically, defendant alleged that his brother, Larry Ivy, was incarcerated at the St. Louis City Jail (on different charges) with defendant after the trial and that Larry had admitted to defendant that he was responsible for the crimes for which defendant had been convicted. Defendant further alleged that prior to trial Larry had been incarcerated in the City workhouse and was represented by counsel while defendant was confined in the jail awaiting trial, thus preventing defendant from obtaining this admission from his brother prior to trial.

On the morning of the hearing on the motion for new trial, trial counsel informed the court that she had discovered that morning that Larry Ivy was no longer in the St. Louis City Jail and had been sent to a correctional facility in Fulton for evaluation. Trial counsel requested a continuance of the hearing on the motion for new trial in order to secure Larry Ivy's presence. The request was denied and the motion for new trial was overruled.

In his amended Rule 29.15 motion, defendant alleges that trial counsel was ineffective in failing to secure Larry Ivy's presence at the new trial hearing. The motion court denied this claim without an evidentiary hearing. The motion court found that: (1) the witness (Larry Ivy) had previously given a contrary statement to the grand jury which was made part of the legal file at the new trial hearing; (2) movant did not disagree with the trial court's observation at the new trial hearing that Larry Ivy's lawyer would probably have advised him to take the Fifth Amendment; (3) it was clear from trial counsel's statement to the court that she did not know for sure if Larry Ivy would testify as alleged in the new trial motion; (4) there was no allegation in the Rule 29.15 motion as to when Larry Ivy had been sent to Fulton or that trial counsel was negligent in not learning when this was to happen; (5) there was no allegation in the motion that PCR counsel had interviewed Larry Ivy and been told he would not have taken the Fifth Amendment if called at the new trial hearing or at a subsequent trial. The motion court reasoned that absent such an allegation it was irrelevant that trial counsel had been unable to produce Larry Ivy at the sentencing hearing. The motion court further reasoned that Larry Ivy's natural bias as a relative coupled with his earlier inconsistent statement would render his testimony unlikely to be believed by a jury and therefore would not have affected the verdict in this case. For all of these reasons, the court found the allegations of the motion insufficient to state a claim under Rule 29.15 because the allegations were refuted by the record.

■ What is at issue in this appeal is not the motion court's denial of relief; it is the motion court's refusal to hold an evidentiary hearing to determine whether appellant was entitled to relief under Rule 29.15. To be entitled to an evidentiary hearing on a Rule 29.15 motion, the movant must allege

facts which, if true, would warrant relief; the facts must not be refuted by the record; and the facts must have resulted in prejudice to the movant. *State v. Flenoid*, 838 S.W.2d 462, 470 (Mo.App.1992). Here, the factual claim is that trial counsel was ineffective for failure to secure the presence of a critical witness at the hearing on the motion for new trial where it is alleged that such witness, if he testified as alleged in the new trial motion, would completely exonerate defendant of the crimes for which he was convicted.

■ In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

On its face, the allegation in the amended Rule 29.15 motion is sufficient to raise a factual issue with respect to trial counsel's exercise of the requisite degree of skill and diligence. The record reflects that the motion for new trial setting forth the substance of Larry Ivy's proposed testimony was filed on February 18, 1992. The hearing on the motion was held on February 21, 1992. Nothing in the record indicates that trial counsel took any steps to ensure that Larry Ivy would be present for the new trial hearing prior to the morning of the hearing. There clearly are means available to secure the presence of incarcerated witnesses, as well as means available to memorialize testimony in lieu of an appearance. Thus, the alleged failure of counsel to exercise the requisite degree of skill and diligence presents a factual issue not refuted by the record. An evidentiary hearing is thus required unless the record refutes defendant's allegation of prejudice.

Defendant alleges that he was prejudiced by his counsel's ineffective assistance because, had trial counsel secured Larry Ivy's presence at the hearing on the motion for new trial, Larry Ivy would have testified that he, and not defendant, had committed the offenses for which defendant was convicted and "a reasonable probability exists that de-fendant would have received a new trial." In determining whether this allegation is refuted by the record, it is necessary to review what defendant would have been required to establish in order to obtain a new trial based on "newly discovered evidence."

■ In order to be granted a new trial on the basis of newly discovered evidence, a defendant must show: (1) the evidence has come to defendant's knowledge since trial; (2) it was not due to any lack of diligence on the part of defendant or defendant's counsel that the evidence was not discovered sooner; (3) the evidence is so material that it would likely produce a different result upon retrial; and (4) the evidence is not cumulative or relevant merely as impeachment of a witness's credibility. *State v. Myers*, 831 S.W.2d 933, 936 (Mo.App.1992). A new trial is not mandated unless defendant has met all four criteria.

Because the issue in this appeal is whether the *motion court* erred in denying an evidentiary hearing on defendant's ineffective assistance claim, the issue we must determine is whether the motion court properly determined that the record refutes defendant's claim that, but for trial counsel's failure to secure Larry Ivy's attendance and testimony, all four elements could have been established to the satisfaction of the *trial court* at the hearing on the motion for new trial. We hold that the record before the motion court was insufficient to refute defendant's claim and that, as a matter of law, the findings of the motion court are insufficient to support denial of the Rule 29.15 motion without an evidentiary hearing.

As indicated above, the motion court found, *inter alia*, that movant did not disagree with the trial court's observation at the new trial hearing that Larry Ivy's lawyer would probably have advised him to take the Fifth Amendment. Although movant did agree that Larry Ivy's lawyer would likely have so advised, movant steadfastly maintained that his brother had assured him that he would confess in spite of such advice. Nothing in the record before the motion court or the trial court refuted such contention.

The motion court further observed that neither trial counsel nor post-conviction counsel had themselves interviewed Larry Ivy and been told that he would not have taken the Fifth Amendment if he had been called at the hearing on the motion for new trial or at a subsequent trial. Such lapses by counsel plainly cannot be viewed as evidence that Larry Ivy would not have testified as alleged in the new trial and post-conviction motions.

The motion court also observed that there was no allegation in the Rule 29.15 motion as to when Larry Ivy had been sent to Fulton or that trial counsel was negligent in not learning when this was to happen. Regardless of when Larry Ivy was moved, we find the allegations in the Rule 29.15 motion and the record before the motion court sufficient to raise a factual issue with regard to trial counsel's negligence. As discussed above, trial counsel clearly was aware of the need to secure Larry Ivy's presence at least three days prior to the hearing but apparently took no steps to arrange for his presence until the morning the hearing was to occur. The trial court stated on the record that it would have permitted Larry Ivy's testimony if he had been present but refused to grant a motion for continuance presented for the first time at the hearing. We hold that the trial court erred insofar as it held the allegation in the amended petition insufficient to allege ineffective assistance on the part of trial counsel.

Finally, the trial court apparently found the record sufficient to support denial of an evidentiary hearing on the ground that it refuted Larry Ivy's credibility. Specifically, the trial court found that Larry Ivy had previously given a contrary statement to the grand jury which had been made part of the legal file and that such statement, coupled with his natural bias as a relative, would have rendered his testimony unlikely to be believed by a jury and therefore would not have affected the outcome of the trial. Had such findings been made after an evidentiary hearing at which the motion court had an opportunity to hear Larry Ivy's testimony, observe his demeanor and consider his credibility, they might well be sufficient to support denial of relief. But that is not the

posture of this case. Rather, as discussed above, the issue before us is whether the record is sufficient to support denial of the Rule 29.15 motion *without* an evidentiary hearing. Thus, the trial court's findings with regard to Larry Ivy's credibility are tantamount to a finding that, as a matter of law, Larry Ivy's credibility has been so compromised by matters of record that his testimony confessing to the crimes could not have affected the outcome of the case. We hold that the record before us will not support that conclusion as a matter of law and that the motion must therefore be remanded for an evidentiary hearing.

Although it is not determinative, it is at least relevant to note there was testimony at the trial that defendant and his brother bear a strong resemblance. This was pointed out to the trial court at the hearing on the motion for new trial, along with the fact that the victim's identification of defendant was the main issue in dispute. It is true, as the motion court observed, that the state did offer Larry Ivy's grand jury testimony at the new trial hearing, which was made part of the legal file. It is equally clear, however, that this testimony was offered after the trial court's ruling on the new trial motion and was never reviewed by the trial court. Specifically, Larry Ivy's grand jury testimony was offered by the state during the trial court's colloquy with defendant, after sentencing, about his satisfaction with the performance of his trial counsel. In the course of that discussion, based on counsel's representations with regard to the substance of the testimony, the trial court repeatedly (and erroneously) characterized such testimony as "a twenty-eight page statement under oath to the Circuit Court Grand Jury that he [Larry] was not the man that did it." The transcript, however, reveals that the twenty-eight pages of testimony before the grand jury principally focussed on Larry Ivy's knowledge of *defendant's* whereabouts at the time of various alleged crimes.

It is true, as the state urges on appeal, that Larry Ivy was asked where he was at various times and Larry Ivy specifically testified that he was at a particular tavern or at home. However, Larry Ivy was never asked

if he committed the crimes for which defendant was convicted.

Even assuming *arguendo* that Larry Ivy's grand jury testimony is subject to the inference that it is inconsistent with his alleged subsequent confession, we find such testimony insufficient to support denial of an evidentiary hearing in this case. This testimony was not conclusive and not binding on defendant. Where the dispositive issue is one of credibility, only the clearest and most unequivocal showing could conceivably dispense with the need for an evidentiary hearing. That showing was not made here. We cannot say that, as a matter of law, a jury would reject a sincere and credible confession by Larry Ivy even if his earlier grand jury testimony may be viewed as inconsistent. The fact that defendant and Larry Ivy are related might well be viewed as enhancing credibility. It is certainly not inconceivable that a criminal might be more likely to confess after learning a relative will have to pay for his crimes.

We emphasize, however, that nothing in this opinion should be interpreted as in any way holding that defendant is, in fact, entitled to relief. Although we conclude that the allegations of the amended Rule·29.15 motion are not refuted by the record, it remains movant's burden to prove each element of his claim by a preponderance of the evidence. The credibility of Larry Ivy and any other witnesses remains a question of fact for the trial court based on the evidence presented at the hearing. Nor should this opinion be read as foreclosing adverse findings on any other elements movant must prove to be entitled to relief—*e.g.*, that the evidence was, in fact, "newly discovered," that he was diligent, etc. Our holding is strictly limited to the sufficiency of the allegations to require an evidentiary hearing and the absence of a sufficient record to refute those allegations as a matter of law.

The convictions on the robbery and armed criminal actions charges are affirmed. The convictions on the charges which terminated after *Alford* pleas are not appealed. We reverse and remand the Rule 29.15 motion for an evidentiary hearing consistent with this opinion.

CRANE, P.J., and CRAHAN, J., concur.