**William P. GLEASON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 19107.**

Missouri Court of Appeals,
Southern District,
Division One.

June 8, 1994.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Movant, William P. Gleason, appeals the denial of his Rule 24.035 [1] motion without an evidentiary hearing. We affirm.

On January 13, 1993, Movant pled guilty to the class B felony of sale of a controlled substance. He was sentenced to seven years' imprisonment on April 13, 1993.

Movant filed a timely pro se Rule 24.035 motion on June 22, 1993. His motion alleged that he was denied effective assistance of counsel, that he was induced to plead guilty by counsel, and that the evidence was insufficient to support a conviction. Counsel was appointed for Movant on June 23, 1993, and the motion court granted counsel 60 days to file an amended motion. On August 2, 1993, appointed counsel filed a notice of counsel's determination not to file an amended motion, decision to stand on the pro se motion, and request for a ruling on that motion. No evidentiary hearing was requested.

On October 4, 1993, the court filed findings of fact and conclusions of law denying the motion. Essentially, the court found that Movant's allegations were refuted by the record.

On appeal, Movant contends the motion court erred (1) in denying his motion without an evidentiary hearing on his claim of ineffective assistance of counsel because his trial counsel induced him to plead guilty knowing that Movant denied the acts relied upon to show a factual basis for his guilty plea; and (2) in its determination that appointed counsel had not abandoned Movant, in that counsel failed to request an evidentiary hearing.

Our review of the motion court's decision is limited to a determination of whether the findings and conclusions of the court are clearly erroneous. *Balow v. State,* 796 S.W.2d 643, 645 (Mo.App.1990); Rule 24.-035(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Fitzgerald,* 781 S.W.2d 174, 186 (Mo. App.1989).

1. Rule references are to Missouri Rules of Court

To entitle Movant to an evidentiary hearing, his Rule 24.035 motion must plead facts, not conclusions, which if true would warrant relief, the allegations of fact must not be refuted by the record, and the matters complained of must have resulted in prejudice to the Movant. *Thurlo v. State,* 841 S.W.2d 770, 771 (Mo.App.1992).

Movant's motion alleged that his trial counsel induced him to plead guilty by stating that (1) the case was not winnable, (2) he had no trial strategy, (3) Movant had no other viable choice except to plead guilty, and (4) Movant would face no more than 20 months' imprisonment after his guilty plea compared to a long prison term if convicted. Movant further alleged that trial counsel failed to explain his liability for acting with another person in regard to the offense charged. In conclusion, Movant alleged that as a result of the foregoing, his plea was not entered freely, knowingly and voluntarily.

Although Movant was charged with having sold a controlled substance "either acting alone or knowingly in concert with another," at the plea hearing the State explained the facts supporting the charge in the following manner:

> Your Honor, on the date alleged an undercover agent was at a residence in South Poplar Bluff here in Butler County purchasing some other drugs and said he wanted some more marijuana. A person there called this defendant. This defendant came over with the marijuana, showed it to this agent, and sold him four bags of it, which did constitute well over five grams of marijuana. And the agent paid this defendant in return for that marijuana $140.

Under oath, Movant engaged in the following colloquy with the court:

Q. All right. First of all, Mr. Gleason, did you hear what the Prosecutor told me about the facts in this case?

A. Yes, sir.

Q. You admit those facts?

A. Yes, sir.

(1994).

Q. You admit selling this controlled substance?

A. Yes, Your Honor.

. . . .

Q. You are represented by Mr. Dugan in this case. Have you been satisfied with the legal advice and representation you received?

A. Yes, Your Honor.

Q. Have you had plenty of time to talk to Mr. Dugan about this case?

A. Yes, Your Honor.

Q. Has he done the things you wanted him to do?

A. Yes.

Q. Did he do anything that you didn't want him to do?

A. No.

Q. Did anyone promise you anything or threaten you in any way in order to get you to plead guilty, other than the plea negotiations that I have heard about?

A. No, Your Honor.

. . . .

Q. Have you been truthful with me today, Mr. Gleason?

A. Yes, Your Honor.

At the sentencing hearing, trial counsel stated that Movant disagreed with a "couple" of the facts set forth in the presentence report. However, the facts that the trial counsel pointed out did not contradict any of the facts that the prosecutor stated earlier at the plea hearing.

Concerning Movant's allegation that he was induced to plead guilty, the motion court found that Movant's plea was voluntary. Having reviewed the plea and sentencing transcript, the court found no "credible evidence to support this point and Movant has not met his burden of proof." (The motion court's use of the phrase "credible evidence" will be discussed *infra*.)

Movant's attack on his guilty plea is governed by the following legal principles:

Movant can attack his guilty plea only on the grounds it was not made voluntarily and knowingly. *Fairley v. State*, 770 S.W.2d 458, 459 (Mo.App.1989). "On a guilty plea, the movant claiming ineffective assistance of counsel must establish a serious dereliction of duty which materially affected his substantial rights and shows that his guilty plea was not an intelligent or knowing act." *Short v. State*, 771 S.W.2d 859, 864 (Mo.App.1989). Stated another way, a plea is involuntary when counsel is so ineffective as to have affected the voluntariness of Movant's guilty plea. *Shaw v. State*, 766 S.W.2d 676, 680 (Mo. App.1989).

*Whaley v. State*, 833 S.W.2d 441, 444 (Mo. App.1992).

The record we have set forth reveals that (a) Movant admitted he sold marijuana and that the facts stated by the prosecutor were true, (b) no one by way of promises or threats induced Movant to plead guilty, and (c) Movant truthfully answered the questions propounded by the court at his plea hearing. There was sufficient basis for the motion court to find and conclude as it did. Those findings and conclusions are not clearly erroneous.

■ In a subpoint, Movant claims error by the motion court in making a credibility finding. Movant relies solely on *State v. Ivy*, 869 S.W.2d 297 (Mo.App.1994) (a motion court cannot make a finding concerning a witness's credibility without testing the witness at an evidentiary hearing). In *Ivy*, the motion court determined that trial counsel was not ineffective for failure to call a witness at the hearing on Movant's new trial motion because the witness lacked credibility. Here, the motion court made no such credibility finding concerning any witness. Regardless of the court's use of the term "credible evidence," the motion court clearly decided this case only on the basis that the record refuted the allegations in Movant's motion. Point I has no merit.

■ The last point complains of the motion court's finding that motion counsel "had satisfied the mandates of *Luleff v. State*, [807 S.W.2d 495 (Mo. banc 1991)]." Movant argues that he was denied due process of law because his counsel abandoned him by failing to request an evidentiary hearing. He claims that prejudice resulted since he was

denied an opportunity to present evidence supporting his motion. Movant's contention is untenable in view of our determination that the motion court correctly denied his motion without an evidentiary hearing.

Even if motion counsel had properly requested an evidentiary hearing, the court had no absolute duty to grant one. Rule 24.-035(g) provides that no hearing shall be held "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief." Because the files and record of Movant's case conclusively showed he was entitled to no relief, any request for an evidentiary hearing would have been an exercise in futility. In other words, Movant was not prejudiced by the inaction of his counsel. *See Pollard v. State,* 807 S.W.2d 498, 502 (Mo. banc 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991) (failure of motion counsel to timely file a Rule 29.15 motion resulted in no prejudice since the outcome would have been the same even with a timely filed motion). Point II is denied.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.