**Rickey KENNICUTT, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**WD 79881**

Missouri Court of Appeals,
Western District.

OPINION FILED: September 12, 2017

Application for Transfer to Supreme Court Denied October 31, 2017.

Application for Transfer Denied January 23, 2018

---

Damien De Loyola, Kansas City, MO, Counsel for Appellant.

Evan Buchheim, Jefferson City, MO, Counsel for Respondent.

Before Division Three: Alok Ahuja, P.J., Thomas H. Newton, and Cynthia L. Martin, JJ.

Thomas H. Newton, Judge

Mr. Rickey Kennicutt appeals the motion court's judgment denying the Rule 24.035 amended motion for post-conviction relief without an evidentiary hearing in the Circuit Court of Lafayette County, Missouri. Mr. Kennicutt was sentenced to ten years in prison for first-degree child molestation[1] after he plead guilty on September 22, 2014. We affirm.

During the guilty-plea hearing, Mr. Kennicutt admitted that he "knowingly subjected [victim], who was then less than 14 years of age, to sexual contact by touching her breast." At the November 3, 2014 sentencing hearing plea counsel made an oral motion to withdraw Mr. Kennicutt's guilty plea. Plea counsel told the court that having reviewed Mr. Kennicutt's sentencing assessment report (SAR), he was concerned that Mr. Kennicutt still maintained his innocence[2] and, therefore, he felt ethi-

---

1. Mr. Kennicutt also pleaded guilty to the class A misdemeanor of second degree child molestation. This misdemeanor conviction is not the subject of Mr. Kennicutt's Rule 24.035 motion.

2. A copy of the report was not included in the legal file.

cally bound to attempt to withdraw the guilty plea. Plea counsel told the court that he wanted Mr. Kennicutt to testify. After Mr. Kennicutt was sworn in, Judge Dennis A. Rolf warned him that if he testified contrary to his testimony in September, he was potentially subject to perjury charges. Plea counsel asked the court for a brief moment to discuss this issue with Mr. Kennicutt. Mr. Kennicutt alleges that plea counsel advised him not to testify because of the potential for perjury charges. Plea counsel informed the court that Mr. Kennicutt would not be testifying and that plea counsel felt the SAR report provided enough support for the withdrawal. Judge Rolf ultimately denied the motion to withdraw the guilty plea, noting:

> [C]onsidering the statements made by the Defendant under oath on September 22nd, 2014, as opposed to the statements that are contained in the SAR which are, if nothing else, hearsay, but even if not objected to for hearsay definitely were not made under oath, the Court is going to choose to believe the statements that he made on September 22, 2014, and the Court is denying the Defendant's counsel's motion to set aside the guilty plea.

Mr. Kennicutt filed a Form 40 on January 23, 2015 and the motion court appointed counsel. Appointed counsel filed an amended motion on June 16, 2015. The amended motion raised two claims: (1) insufficient factual basis for first-degree child molestation; and (2) ineffective assistance of counsel based on plea counsel's mistaken advice regarding the perjury statute. On June 9, 2016, the motion court denied Mr. Kennicutt's amended motion without an evidentiary hearing. Mr. Kennicutt appeals.

■ We review a motion court's decision in a Rule 24.035 proceeding to determine if the findings of fact and conclusions of law are clearly erroneous. *Dodson v.*

*State*, 364 S.W.3d 773, 776 (Mo. App. W.D. 2012). This Court will reverse only if, after review, we are left with a definite and firm impression that a mistake has been made. *Id.* Mr. Kennicutt has the burden to show "by a preponderance of the evidence that the motion court clearly erred in its ruling." *Id.*

■ Mr. Kennicutt claims that the motion court erred in denying his amended motion without an evidentiary hearing. The motion court is not required to grant an evidentiary hearing unless "(1) the motion ... allege[s] facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records of the case; and (3) the allegations must have resulted in prejudice." *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002).

Mr. Kennicutt first alleged in the amended motion that a factual basis for the charge of first-degree child molestation developed during the guilty plea hearing was insufficient. Specifically, Mr. Kennicutt alleged that although he admitted to knowingly subjecting a victim younger than age 14 to sexual contact by touching her breasts, he did not admit that he did so for the purpose of arousing or gratifying a sexual desire, the definition of "sexual contact." The essence of Mr. Kennicutt's argument was that admitting to "sexual contact" was insufficient as a matter of law to constitute an admission of the specific intent required to commit the crime of first-degree child molestation.

On appeal, Mr. Kennicutt has elected not to pursue this claim in light of *Wray v. State*, 474 S.W.3d 230 (Mo. App. W.D. 2015). In *Wray*, this Court held that the term "sexual contact" provided a sufficient factual basis for the crime of child molestation, because the terms were such that a layman would understand that the contact alleged was for the purpose of arousal or

gratification of sexual desires. *Id.* at 235. Thus, the amended motion's first claim has been foreclosed as a matter of law.

Still, Mr. Kennicutt's first claim remains inextricably interwoven with his second claim. Mr. Kennicutt's second claim alleges that but for plea counsel's mistaken understanding of the perjury statute, he would have testified in support of the motion to withdraw his guilty plea. Mr. Kennicutt's amended motion alleges that he would testify at an evidentiary hearing that:

> [H]ad he been called as a witness in support of the motion to withdraw his guilty plea, he would have testified he never touched [victim's] breast with the purpose of arousing or gratifying sexual desire of any person. Given the deficiency in the factual basis discussed in [connection with the first claim], *supra*, this would not have been directly contrary to his testimony at the guilty plea, because the factual basis of the guilty plea never touched on the specific intent element of first-degree child molestation. Further, Mr. Kennicutt's testimony in support of the motion to withdraw his guilty plea would have fit under the paragraph four defense [to perjury] of correcting his testimony in the course of the official proceeding.

The amended motion thus alleges that counsel's misunderstanding of the perjury statute resulted in Mr. Kennicutt not testifying in support of the motion to withdraw the guilty plea.

■ To be entitled to an evidentiary hearing, we must first determine whether these facts could warrant relief. Mr. Kennicutt alleges that plea counsel misunderstood paragraph four of the perjury statute, resulting in plea counsel advising Mr. Kennicutt not to testify in support of the motion to withdraw the guilty plea. Mr. Kennicutt thus alleges that had he testified in support of the motion to withdraw as alleged in the amended motion, he would not have committed perjury, and plea counsel was ineffective for advising him to the contrary. We do not agree.

The perjury statute, § 575.040.1 RSMo (2000), provides as follows:

> A person commits the crime of perjury if, with the purpose to deceive, he knowingly testifies falsely to any material fact upon oath or affirmation legally administered, in any official proceeding before any court, public body, notary public or other officer authorized to administer oaths.

The retraction clause, § 575.040.4 RSMo (2000), reads as follows:

> It is a defense to a prosecution under subsection 1 of this section that the actor retracted the false statement in the course of the official proceeding in which it was made *provided he did so before the falsity of the statement was exposed*. Statements made in separate hearings at separate stages of the same proceeding, including but not limited to statements made before a grand jury, at a preliminary hearing, at a deposition or at previous trial, are made in the course of the same proceeding.

(emphasis added). The record at the sentencing hearing establishes that the basis for Mr. Kennicutt's "retraction" of his admission of guilt was information contained in the SAR—information that had already been exposed *before* Mr. Kennicutt desired to testify at the sentencing hearing. Counsel's recommendation that Mr. Kennicutt not testify did not fall below an objective standard of reasonableness, the first prong required to establish a claim for ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Plea counsel could reasonably have been concerned that paragraph 4 of the perjury statute, the

retraction defense, would not have protected his client.

■ Even if that were not the case, Mr. Kennicutt would be required to show prejudice to establish entitlement to an evidentiary hearing. To show prejudice, Mr. Kennicutt must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. Mr. Kennicutt has not sustained this burden.

Mr. Kennicutt alleges that had plea counsel called him to testify in connection with the motion to withdraw, he would have testified that "he never touched [victim's] breast with the purpose of arousing or gratifying sexual desire." In effect, Mr. Kennicutt's claim is that although he admitted to "sexual contact" during the guilty plea hearing, he did not admit to the specific intent required to commit first-degree child molestation. As we have already explained, however, this claim is legally foreclosed in light of our holding in *Wray*, 474 S.W.3d at 235.

■ The motion court did not clearly err in concluding that Mr. Kennicutt's allegation denying specific intent failed to warrant an evidentiary hearing. First Mr. Kennicutt's assertion that, although he touched the victim's breast, he did not do so with the specific intent required to support the conviction is a conclusion, not a fact. Even could it be construed as a factual assertion, it is not one that warrants relief. Once a defendant has entered a guilty plea, he may attempt to withdraw the plea before sentencing under Rule 29.07(d). *State v. Creamer*, 161 S.W.3d 420, 424 (Mo. App. W.D. 2005). A plea is made unknowingly or is involuntary if "the defendant is misled, or is induced to plead guilty by fraud or mistake, by misappre-

hension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). "Mere change of heart or sudden protestations of innocence are not enough." *Creamer*, 161 S.W.3d at 424.

Second, though the sentencing court possessed the discretion to permit the withdrawal of Mr. Kennicutt's guilty plea notwithstanding that it was based on nothing more than a "mere protestation of innocence," Mr. Kennicutt's bare assertion that he did not possess the required specific intent is refuted by the record. Mr. Kennicutt admitted during the guilty-plea hearing that his touching of his victim's breast was "sexual contact." Mr. Kennicutt has acknowledged that an admission of "sexual contact" is tantamount to an admission of specific intent to commit child molestation. Though Mr. Kennicutt now alleges that he did not have the intent to arouse or gratify sexual desires, Mr. Kennicutt has not alleged facts to explain why he touched the victim's breast. Mr. Kennicutt has not alleged facts to explain why his admitted touching of the breast of the victim was not "sexual contact." The motion court was free to conclude that the bare assertion that Mr. Kennicutt did not possess specific intent was refuted by the admission to "sexual contact."

Finally, even assuming Mr. Kennicutt could overcome the hurdles requiring the assertion of facts, not conclusions, warranting relief, and not refuted by the record, (which he cannot), Mr. Kennicutt's conclusory assertion that he lacked specific intent is no more compelling or persuasive than his counsel's statements on the record at the sentencing hearing. During the sentencing hearing, the sentencing court made clear that it was choosing to believe Mr. Kennicutt's sworn statements during the guilty plea hearing. Though the sen-

tencing court noted that it did not have the benefit of contrary "sworn testimony" from Mr. Kennicutt in making its decision, the motion court did have the benefit of contrary sworn testimony in the form of the amended motion. The motion court (which had presided over the sentencing hearing) found that Mr. Kennicutt's amended motion "failed to show that any testimony he would have given would have changed this Court's mind as to the motion to set aside the guilty plea." Mr. Kennicutt's amended motion fails to allege facts warranting relief that demonstrate how "the result of the proceeding would have been different" had the sentencing judge heard his testimony. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. There is no reasonable probability that the outcome would have been different.[3] *Id.*

## Conclusion

Mr. Kennicutt has failed to establish that the motion court clearly erred in denying him an evidentiary hearing. Thus, we affirm the motion court's decision.

Judge Cynthia L. Martin concurs.

Presiding Judge Alok Ahuja writes a dissent.

Alok Ahuja, Judge, dissenting.

The majority concludes that the circuit court did not clearly err in denying Kennicutt's postconviction relief motion without an evidentiary hearing. I respectfully disagree.

At the outset, it bears emphasis that "what is at issue in this appeal is not the motion court's denial of relief; it is the motion court's refusal to hold an evidentiary hearing to determine whether appellant was entitled to relief under Rule 29.15." *State v. Ivy*, 869 S.W.2d 297, 299 (Mo. App. E.D. 1994); *see also Masden v. State*, 62 S.W.3d 661, 664-65 (Mo. App. W.D. 2001). Rules 24.035 and 29.15 set a "low bar" for a postconviction relief movant to establish his right to an evidentiary hearing. As the Supreme Court has explained, "[i]n order to ensure that claims are decided accurately, the rules encourage evidentiary hearings." *Wilkes v. State*, 82 S.W.3d 925, 929 (Mo. banc 2002). Evidentiary hearings in postconviction relief cases should be the rule, not the exception.

According to Kennicutt's amended motion, his attorney advised him not to testify in support of his motion to withdraw his guilty plea, because of the risk that he could face prosecution for perjury. The amended motion alleges that counsel's advice was erroneous, because Kennicutt's proposed sentencing-hearing testimony would not have conflicted with his testimony at his guilty plea hearing, and because, under § 575.040.4, RSMo, "[i]t is a defense to a prosecution [for perjury] that the actor retracted the false statement in the course of the official proceeding in which it was made."

Kennicutt's claim of deficient performance by his attorney warrants an evidentiary hearing. Although Kennicutt admit-

3. The dissent argues that the motion court made an improper credibility determination to conclude that Mr. Kennicutt did not establish prejudice, and that a motion court cannot make credibility determinations without the benefit of an evidentiary hearing. The cases the dissent cites for this proposition are not applicable, as they each involve a movant's factual assertion about what a third party would have testified, had the third party been called as a witness. Here, the issue is the motion court's ability to assess the movant's represented testimony. It is axiomatic that the motion court is free, without the need for an evidentiary hearing, to assess whether the movant's represented testimony is refuted by the record—an inherent credibility determination. That is particularly so where the motion court and the sentencing court were one in the same, as was the case here.

ted at his guilty plea hearing that he had engaged in "sexual contact by touching [the victim's] breast," that admission is not necessarily inconsistent with the testimony Kennicutt wished to give at his sentencing hearing: that he was not acting with a purpose of arousing or gratifying sexual desire. I recognize that, in *Wray v. State*, 474 S.W.3d 230, 235-36 (Mo. App. W.D. 2015), this Court held that a plea colloquy sufficiently developed a factual basis for a defendant's guilty plea to child molestation, where the defendant acknowledged engaging in "sexual contact" with the victim. We explained:

> The average person would understand that by admitting sexual contact with another, he or she is not admitting mere physical contact but instead contact that has the purpose of sexual arousal or gratification. ... Wray offers no explanation for how his admitted conduct could have been grounded in a misunderstanding about the meaning of the word "sexual" when used to refer to specific physical contact. ... Because the term "sexual" is a commonly-known, layman term, [Wray] failed to demonstrate that he was deprived of the actual knowledge of the factual basis for the charge of child molestation in the first degree.

*Id.* at 235 (citations and internal quotation marks omitted).

*Wray* must be read in its procedural context: it merely affirmed a factual finding by a circuit court, *after an evidentiary hearing*, that a particular offender had "failed to demonstrate that he was deprived of the actual knowledge of the factual basis" for the charge to which he pled guilty. The movant in *Wray* "offer[ed] no explanation" as to what he meant when he admitted "sexual contact." *Wray* would not prevent Kennicutt from testifying that when he admitted to "sexual contact" at his guilty plea hearing, he did not mean that he had acted with the purpose of arousing or gratifying sexual desire. To act "knowingly," as required by the perjury statute, it was necessary that Kennicutt have been subjectively "aware of the nature of his conduct." § 562.016.3(1), RSMo. It may be, as a factual matter, that Kennicutt does not have an "average person's" understanding of the term "sexual contact," or is not of an "average" literacy level. It may be that Kennicutt understands the term "sexual contact" in a different way (perhaps as any act of touching certain "sexual" parts of the body, whatever the actor's intent). Kennicutt's claim that his intended testimony at his sentencing hearing would not have been inconsistent with his guilty-plea testimony, and that he therefore faced no risk of a perjury prosecution, is not clearly refuted by the record.

Kennicutt's claim that his counsel failed to consider the "retraction defense" in § 575.040.4, RSMo also merits an evidentiary hearing. The majority concludes that the "retraction defense" was inapplicable as a matter of law, because "the basis for Mr. Kennicutt's 'retraction' of his admission of guilt was information contained in the SAR—information that had already been exposed *before* Mr. Kennicutt desired to testify at the sentencing hearing."

This issue cannot be decided without an evidentiary hearing. Although the majority confidently claims that the testimony Kennicutt desired to give at his sentencing hearing was based on "information contained in the SAR," we do not have the Sentencing Assessment Report in the record. The extent to which the SAR "exposed" the falsity of Kennicutt's statements at his guilty-plea hearing cannot be determined on this record.

Even if the record was sufficient, it appears that the SAR merely recounts *Ken-*

nicutt's *own statements* claiming his innocence. His counsel stated at the sentencing hearing that the SAR reflected that Kennicutt "maintains he is innocent still." It does not appear that this is a case in which law enforcement discovered the falsity of a speaker's statements from *other* information, independent of the speaker. Instead, it is apparently *the speaker's own (out-of-court) recantation* which the majority now claims makes the "recantation defense" unavailable. The majority cites no authority to support the surprising proposition that a speaker can be prohibited from relying on the "recantation defense" to a perjury prosecution, because the speaker himself admitted the falsity of his earlier statements to a government official outside the courtroom, before formally "retracting" the statements under oath.

I see no need to define the full limits of the "retraction defense" in this appeal, on this record. After all, "what is at issue in this appeal is not the motion court's denial of relief; it is the motion court's refusal to hold an evidentiary hearing to determine whether appellant was entitled to relief under Rule 29.15." *State v. Ivy*, 869 S.W.2d 297, 299 (Mo. App. E.D. 1994). Kennicutt's claims of deficient performance by his attorney should be more fully developed at an evidentiary hearing.

Kennicutt is also entitled to an evidentiary hearing concerning whether his attorney's deficient performance prejudiced him. According to Kennicutt, he relied on his attorney's erroneous advice in choosing not to testify. Kennicutt's amended motion alleges that, if he had been called to testify, he would have denied acting with the mental state necessary to support his convictions for sexual molestation. The motion also alleges that, if Kennicutt had testified, there is a reasonable probability that the circuit court would have granted the motion to withdraw his guilty plea.

Although Kennicutt's protestations of innocence may not have *required* the circuit court to permit him to withdraw his plea, the court plainly had the *discretion* to permit withdrawal when Kennicutt sought that relief before sentencing. Although "Rule 29.07(d) does not provide a criterion for defining when a plea of guilty may be withdrawn upon a motion before sentence[,] . . . [i]t has been said that whether or not such a withdrawal shall be permitted is within the sound discretion of the court." *State v. Choate*, 639 S.W.2d 906, 908 (Mo. App. S.D. 1982); accord, *State v. Zito*, 595 S.W.2d 383, 385 (Mo. App. W.D. 1980); *State v. Nielsen*, 547 S.W.2d 153, 158-59 (Mo. App. 1977).[1] The majority agrees that "the sentencing court possessed the discretion to permit the withdrawal of Mr. Kennicutt's guilty plea not-

1. Missouri Supreme Court Rule 29.07(d), adopted in 1980, is worded virtually identically to the pre-1983 version of Federal Rule of Criminal Procedure 32(d). Under the pre-1983 version of federal Rule 32(d), "withdrawals of pleas [prior to sentencing] were freely allowed unless the " 'prosecution [had] been substantially prejudiced by reliance upon the defendant's plea.' " " *United States v. Lambey*, 949 F.2d 133, 136 (4th Cir. 1991) (quoting *United States v. Strauss*, 563 F.2d 127, 130 (4th Cir. 1977)) (in turn quoting 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 528, at 474-75 (1969)); *see also, e.g., United States v. Punch*, 709 F.2d 889, 893 n.5 (5th Cir. 1983) ("The general rule in this Circuit is that 'Rule 32(d) should be construed liberally in favor of the accused when a motion is made to withdraw before sentence is imposed.' "; citations omitted); *United States v. Morgan*, 567 F.2d 479, 493 (D.C. Cir. 1977) ("we have held that prior to sentencing withdrawal should be 'freely allowed' and granted 'as a matter of course' "; footnotes omitted); *United States v. Roland*, 318 F.2d 406, 409 (4th Cir. 1963) (motion to withdraw a plea made before sentencing "should be allowed with great liberality"; such motions "should be allowable as of course, or almost so").

withstanding it was based on nothing more than a 'mere protestation of innocence.' "

The fact that Kennicutt did not testify in support of his motion to withdraw his guilty plea was decisive. The circuit court explicitly stated, on two separate occasions, that it was denying his motion to withdraw his guilty plea *because there was no sworn testimony supporting the motion.* When the court denied Kennicutt's motion to withdraw, it explained its ruling this way:

> Well, *considering the statements made by the Defendant under oath* [at his guilty plea hearing] on September 22nd, 2014, *as opposed to the statements that* are contained in the [Sentencing Assessment Report] which are, if nothing else, hearsay, but even if not objected to for hearsay *definitely were not made under oath*, the Court is going to choose to believe the statements that he made on September 22, 2014, and the Court is denying the Defendant's counsel's motion to set aside the guilty plea.

(Emphasis added.)

Later in the sentencing hearing, the court again emphasized that it had denied the motion to withdraw because of Kennicutt's failure to testify in support of the motion:

> THE COURT: ... As I explained earlier, Mr. Kennicutt, I was faced with two different views on what took place. I had your attorney's argument that you are now saying you didn't do it.
>
> THE DEFENDANT: Yeah.
>
> THE COURT: *I don't have any sworn testimony to that fact.* I have your sworn testimony presented on September 22nd that you did, in fact, do what you were charged with. And *since that is the only sworn testimony I have, I have chosen to believe that*

that is, in fact, what took place and what the truth is.

> And therefore I denied your attorney's motion to set aside your guilty plea because I believe what took place on September 22nd was the truth—or what you told me on September 22nd was the truth.

(Emphasis added.)

Thus, the circumstances alleged in the amended motion are that:

(1) Kennicutt was advised by his attorney not to testify in support of his motion to withdraw his guilty plea;

(2) Kennicutt's attorney's advice was based on an erroneous understanding of the law; and

(3) the circuit court denied Kennicutt's motion to withdraw because—based on his attorney's erroneous advice—he offered no sworn testimony to support it.

This strikes me as a straightforward case in which Kennicutt has alleged facts which, if true, would establish *Strickland* prejudice and entitle him to postconviction relief.

The circuit court offered two rationales for denying Kennicutt's claim without a hearing. The court's judgment states:

> This claim is ... refuted by the record. Movant was present at the sentencing hearing when the oral motion to set aside the guilty plea was made. Although Movant's attorney initially stated he was going to call Movant to testify, after discussing this strategy further with Movant, it was decided that Movant would not testify. Movant was there when this discussion happened and could have testified if he wanted to. He could have told the Court he wanted to testify and he could have testified. Movant decided, after talking with his attorney

that he would not testify on the motion to withdraw the guilty plea.

Further, Movant has failed to show prejudice to support this claim. Movant has failed to show that any testimony he would have given would have changed this Court's mind as to the motion to set aside the guilty plea. Movant testified under oath at his guilty plea [that] he indeed committed the crimes of child molestation in the first and second degree. Then, over a month later, Movant comes back into this Court and thorough [sic] his attorney basically admitted that he lied to the Court. Now Movant wants this Court to find that it would have found him a credible witness if he testified that he lied a month prior at sentencing and would have then set aside that guilty plea. This Court cannot see under the circumstances how that testimony from Movant would have changed the ruling denying the motion to set aside the guilty plea.

The circuit court's stated rationales are clearly erroneous. The court's first rationale—that Kennicutt could have chosen to testify at the sentencing hearing—ignores the substance of Kennicutt's claim: that his attorney erroneously advised him that he faced possible prosecution for perjury if he testified, and that he followed that erroneous advice. Kennicutt was entitled to rely on his attorney's advice; he had no obligation to second-guess his attorney's facially plausible statements. *Cf. Wright v. Campbell*, 277 S.W.3d 771, 775 (Mo. App. W.D. 2009) (holding that a lay client is generally under no duty to question a lawyer's advice while the attorney-client relationship continues).

The court's second stated rationale—that the court would have found any testimony Kennicutt offered at the sentencing hearing to be unpersuasive—reflects a misunderstanding concerning the procedural posture of this case. While the circuit court would have been fully entitled to conclude that Kennicutt's denials of guilt were unpersuasive, *after* holding an evidentiary hearing and seeing Kennicutt testify, it was not entitled to determine the credibility and weight of his testimony without actually hearing it.

This Court has repeatedly rejected circuit courts' attempts to dispose of postconviction relief motions, without conducting evidentiary hearings, based on an assessment of the credibility of the motions' allegations. We have stressed that, "[w]ithout having heard the testimony and observed the witnesses, the trial court cannot possibly accurately assess the credibility of the witnesses or the weight of their testimony." *Masden v. State*, 62 S.W.3d 661, 668 (Mo. App. W.D. 2001) (citation omitted); *see also Carroll v. State*, 461 S.W.3d 43, 50 (Mo. App. E.D. 2015) ("When a movant alleges sufficient facts to be entitled to an evidentiary hearing under Rule 29.15, courts may not dismiss the motion based on what the witness 'would have' testified to at the hearing."); *State v. Ivy*, 869 S.W.2d 297, 301 (Mo. App. E.D. 1994) (motion court concludes that testimony of missing witness would have been "unlikely to be believed by a jury" because of witness' prior inconsistent statements and familial relationship to defendant; "[h]ad such findings been made after an evidentiary hearing at which the motion court had an opportunity to hear [witness'] testimony, observe his demeanor and consider his credibility, they might well be sufficient to support denial of relief. But that is not the posture of this case.").

The majority contends that an evidentiary hearing was not necessary, because Kennicutt's claim that he did not act with the intent to arouse or gratify sexual desire "is a conclusion, not a fact." The majority's statement is completely unsupport-

ed. And it is simply wrong. As a general rule, the state of mind with which a defendant acted is a question of fact. *State v. Smith*, 502 S.W.3d 689, 699 (Mo. App. E.D. 2016) ("The defendant's state of mind is clearly within the province of the jury") (citation omitted); *State v. Cochran*, 365 S.W.3d 628, 634 (Mo. App. W.D. 2012) (same). While it may be that the prosecutors frequently seeks to prove a defendant's state of mind through circumstantial evidence, the majority cites no authority which prevents a defendant from testifying to his own state of mind, and I am aware of none.

The majority also suggests that Kennicutt's amended motion could be denied without an evidentiary hearing, because his proposed sentencing hearing testimony would have been inconsistent with his testimony at the guilty plea hearing. First, as explained above, there is no necessary inconsistency, since Kennicutt could testify that he did not intend his admission of "sexual contact" as an admission that he had acted with a sexual *motivation*. But even if there was an unavoidable inconsistency between Kennicutt's guilty-plea and sentencing-hearing testimony, Kennicutt was apparently prepared to recant his testimony from the guilty plea hearing, and to testify that he had not in fact acted with a culpable mental state. If the trial court had heard that testimony at his sentencing hearing, it could have chosen to believe Kennicutt's recantation, and permitted him to withdraw his plea.

The majority also suggests that the circuit court "ha[d] the benefit of contrary sworn testimony in the form of the amended motion," and could make credibility determinations on that basis. In a footnote, the majority goes so far as to suggest that a different rule applies where the proposed testimony comes from *the movant*, as opposed to coming from a third party: with respect to *the movant's testimony*, "the motion court is free, without the need for an evidentiary hearing, to assess" the credibility of that testimony. None of this is supported by any authority, and it is contrary to the caselaw discussed above, which plainly (and sensibly) holds that a circuit court cannot make credibility determinations in a postconviction relief proceeding based only on the allegations in an offender's motion.[2]

Before the circuit court can decide whether Kennicutt's intended sentencing hearing testimony would have created a reasonable probability that the court would have permitted him to withdraw his guilty plea, it must actually *hear* that testimony. The court cannot assess the credibility of Kennicutt's post-guilty-plea testimony, and weigh that testimony against his testimony

---

**2.** The somewhat unusual nature of Kennicutt's claim may be a source of confusion concerning his right to an evidentiary hearing. In a typical case, a movant contends for the first time in his postconviction relief motion that the facts are different from the facts to which he testified before his conviction and sentence. Thus, the movant's proposed <u>post-conviction testimony is inconsistent with the</u> movant's sworn <u>pre</u>conviction testimony. When <u>*that*</u> is the case, the movant's postconviction version of events is clearly refuted by his preconviction testimony, and no evidentiary hearing is required.

Kennicutt's claim in this case is different. He contends that, due to his attorney's ineffective assistance, he was prevented from giving testimony *before his conviction and sentence became final*, which would have persuaded the court to permit him to withdraw his guilty plea. The <u>pre</u>conviction testimony Kennicutt was prevented from giving may have been inconsistent with his *other* <u>pre</u>conviction testimony. Any tension between Kennicutt's proposed and actual preconviction testimony creates a factual issue to be resolved at an evidentiary hearing; it does not justify dispensing with an evidentiary hearing altogether.

at the guilty plea hearing, based on the allegations in the amended motion alone.

The motion court short-circuited the process contemplated by the rules. The case should be remanded for an evidentiary hearing at which the circuit court can hear from Kennicutt's counsel, and from Kennicutt himself.