Patricia Breckenridge, judge
Defendant Rwoeshan Booker appeals the motion court's order overruling, without an evidentiary hearing, his Rule 24.035 motion for postconviction relief from his conviction for assault in the first degree and 13-year sentence. Mr. Booker asserts the motion court clearly erred because the record does not conclusively refute his *525 guilty plea for first degree assault was not knowingly, voluntarily, and intelligently entered as there was an insufficient factual basis to accept his plea as required by Rule 24.02(e). He also contends the record does not refute his claim that plea counsel was ineffective for failing to advise him of the defense of acting under sudden passion arising out of adequate cause. Because the record conclusively refutes Mr. Booker's claims that his plea was not knowingly and voluntarily made and that his plea counsel was ineffective, the motion court's judgment is affirmed.
Factual and Procedural Background
Mr. Booker was indicted for assault in the first degree, section 565.050,[1] along with Jasmine Jeffries, Ernest Carter, Johnnie Lane, and Shaquanta Moore. The indictment alleged defendants acted together in striking A.A. on June 20, 2010, and their conduct was "a substantial step toward the commission of the crime of attempting to kill or cause serious physical injury to A.A., and was done for the purpose of committing such assault." The indictment further alleged "in the course thereof [defendants] inflicted serious physical injury on A.A."
On January 28, 2013, Mr. Booker appeared in court for a plea hearing on this case and another case also pending in the circuit court of St. Louis County. In the other case, Mr. Booker was charged with the class B felony of robbery in the second degree and misdemeanor assault in the third degree. He was charged with acting with Mr. Carter in committing those offenses.
The court took up the two cases simultaneously. The transcript of the plea hearing shows Mr. Booker advised the court he intended to plead guilty in both cases. When questioned regarding his guilty plea in the other case, Mr. Booker stated he understood "what it means to be guilty if you're acting with another" and his counsel had explained that to him. Regarding his representation in this case, Mr. Booker stated he had been represented by defense counsel for 16 months and had met with his counsel in person, talked with counsel "a nice amount of times, and had enough time to talk to him." He stated his counsel had explained the charges to him, had gone over the state's evidence with him, and had discussed with him the range of punishment for the offenses. When asked by the plea court if he was pleading guilty voluntarily and because he was guilty, Mr. Booker's response to both questions was, "Yes."
During the plea colloquy regarding the charge in this case of assault in the first degree, the prosecutor stated the state's evidence would prove:
[T]he defendant acting with Ernest Carter, Jasmine Jeffries, Shaquanta Monroe, and Johnnie Lane struck [A.A.], and such conduct, was a substantial step toward the commission of the crime of attempting to kill or cause serious physical injury to [A.A.] and was done for the purpose of committing such assault, and in the course thereof inflicted serious physical injury on the person of [A.A.].
In giving details of the state's evidence, the prosecutor stated Mr. Booker was with the other four individuals in the parking lot of a fast food restaurant. When A.A. and his friend, Luther Jones, arrived in the parking lot, Mr. Jones started talking to Ms. Jeffries and an argument ensued. The prosecutor further stated:
Johnnie Lane got out of his vehicle, started arguing with Luther Jones, and started pushing each other. [A.A.] went up to the situation and Johnnie Lane swung on A.A. Rwoeshan Booker then *526 struck [A.A.], and [A.A.] fell on the ground. Everyone in the group joined in and continue[d] to hit [A.A.] after he fell on the ground. Specifically, Jasmine Jeffries and Shaquanta Monroe kicked [A.A.] at least one time in the head. Mr. Booker continued to hit [A.A.] once he was on the ground. ...
As a result of this incident, [A.A.] suffer[ed] a traumatic brain injury. He is now unable to control his bodily functions on his own, including the fact he cannot walk on his own, he cannot feed himself, or do anything to care for himself and requires constant care as a result of these actions.
Defense counsel questioned the chronology of Mr. Booker's participation in the assault, and the parties agreed the state's evidence was that, while Mr. Booker hit A.A. after he was on the ground, his hitting occurred before A.A. was kicked in the head by Ms. Jeffries. The plea court confirmed that, subsequent to Mr. Booker hitting A.A. while he was on the ground, he was "kicked at least twice in the head and suffered head injuries." The prosecutor stated the evidence would be that, at some point, Mr. Booker fled the scene.
The plea court questioned Mr. Booker whether, based on the statements of the evidence, Mr. Booker was pleading guilty to assault in the first degree. Mr. Booker stated he was. After further questioning of Mr. Booker, including questions regarding the range of punishment and advising him the court was not bound by the state's recommendation, Mr. Booker again stated he was pleading guilty. The plea court accepted Mr. Booker's guilty plea. At his sentencing hearing, Mr. Booker was sentenced to 13 years in prison.
Mr. Booker timely filed a Rule 24.035 motion for postconviction relief. In his amended motion, he claimed there was an insufficient factual basis for his plea of guilty to assault in the first degree and his plea was not knowingly, intelligently, and voluntarily entered. More specifically, he asserted the record failed to show he pleaded guilty with an awareness of the elements of the offense and it was unclear whether he pleaded guilty as an accomplice or as a principal. In a second claim, Mr. Booker contended he received ineffective assistance of counsel in that his plea counsel failed to advise him he had a viable defense to the crime of first degree assault on grounds he was acting under the influence of sudden passion arising out of adequate cause.
The motion court overruled Mr. Booker's Rule 24.035 motion for postconviction relief without an evidentiary hearing. Mr. Booker appealed. After opinion by the court of appeals, the case was transferred to this Court. Mo. Const. art. V, sec. 10.
Standard of Review
This Court reviews a motion court's judgment overruling a Rule 24.035 motion to determine if the court's findings of fact and conclusions of law are "clearly erroneous." Ross v. State , 335 S.W.3d 479, 480 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if," after review of the record, the appellate court is "left with a definite and firm impression that a mistake was made." Id. A movant is entitled to an evidentiary hearing only if: "(1) he pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." McNeal v. State , 412 S.W.3d 886, 889 (Mo. banc 2013). The motion court may deny an evidentiary hearing when the record conclusively shows the movant is not entitled to relief. Rule 24.035(h).
Sufficient Factual Basis Versus a Knowing and Voluntary Plea
Mr. Booker first asserts the motion court clearly erred by overruling his *527 motion for postconviction relief, without an evidentiary hearing, in that his plea was not entered into knowingly, voluntarily, and intelligently because there was an insufficient factual basis for the underlying offense of assault in the first degree. "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' " Bousley v. United States , 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ; see also State v. Shafer , 969 S.W.2d 719, 731 (Mo. banc 1998). "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." McCarthy v. United States , 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Additionally, "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id.
Both federal and Missouri rules of criminal procedure establish procedures for a criminal defendant to enter a guilty plea. Rule 11 of the Federal Rules of Criminal Procedure provides the federal requirements for a guilty plea proceeding. While the guilty plea requirements in this federal rule are not constitutionally mandated, they are "designed to assist the district judge in making the constitutionally required determination that a defendant's plea of guilty is truly voluntary" by producing a "complete record at the time the plea is entered of the factors relevant to this voluntariness determination." McCarthy , 394 U.S. at 465, 89 S.Ct. 1166. This federal rule is also designed to "eliminate time-wasting litigation after the fact about how knowing and voluntary a defendant really had been at an earlier hearing." United States v. Vonn , 535 U.S. 55, 68, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).
The federal plea requirements include that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In addition to aiding the determination that the defendant's guilty plea is voluntary, the factual basis requirement in the federal rule requires the judge to determine "the conduct which the defendant admits constitutes the offense charged ... or an offense included therein to which the defendant" is pleading guilty. McCarthy , 394 U.S. at 467, 89 S.Ct. 1166 (internal quotations omitted).
Like the federal rule, Rule 24.02 establishes the Missouri procedure for a guilty plea that assists the plea court in determining whether the plea is voluntary, intelligently, and knowingly made. The factual basis requirement in Rule 24.02(e) is nearly identical to the federal requirement-"The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." A factual basis exists when the conduct the defendant admits establishes the defendant's commission of the offense that is the subject of the plea. See, e.g., McCarthy , 394 U.S. at 467, 89 S.Ct. 1166 ; Brooks v. State , 242 S.W.3d 705, 708-09 (Mo. banc 2008) ; State v. Taylor , 929 S.W.2d 209, 217-18 (Mo. banc 1996) ; State v. Hunter , 840 S.W.2d 850, 864-65 (Mo. banc 1992).
Here, Mr. Booker does not argue there were insufficient facts in the record to establish his commission of first degree assault. Rather, he argues he did not understand the nature of the charge or the elements of the offense, and therefore did not enter a "knowing and voluntary plea." Although Mr. Booker phrases his first point on appeal in terms of there being "no factual basis," his claim is that his plea was not knowing and voluntary due to his lack of understanding, not that his plea lacked a factual basis.
Mr. Booker's confusion is understandable. Missouri courts have routinely used *528 "factual basis" synonymously and interchangeably with a "knowing and voluntary plea." This is evident in numerous court of appeals cases stating a "factual basis is established where the information or indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." Long v. State , 441 S.W.3d 154, 157 (Mo. App. 2014) (internal quotations omitted); see also Fee v. State, 283 S.W.3d 296, 298 (Mo. App. 2009) ; Kennell v. State , 209 S.W.3d 504, 506 (Mo. App. 2006) ; Rios v. State , 848 S.W.2d 638, 640 (Mo. App. 1993). While these enumerated events may establish a plea was knowing and voluntary, they go beyond what is required for a sufficient factual basis-simply the facts admitted establish the defendant's commission of the relevant offense. McCarthy , 394 U.S. at 467, 89 S.Ct. 1166.
Other cases have held that a "factual basis for a guilty plea is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements." Lynn v. State , 417 S.W.3d 789, 798 (Mo. App. 2013) ; see also Chipman v. State , 274 S.W.3d 468, 471-72 (Mo. App. 2008) ; State v. Henry , 88 S.W.3d 451, 457 (Mo. App. 2002). Even this Court has gone so far as to say the absence of a factual basis means "the plea cannot be said to have been knowingly or voluntarily entered." State ex rel. Verweire v. Moore , 211 S.W.3d 89, 92 (Mo. banc 2006), overruled on other grounds by State v. Lammers , 479 S.W.3d 624, 636 (Mo. banc 2016).
But as Missouri courts and several federal courts have repeatedly noted, a sufficient factual basis is not constitutionally required. See Sales v. State , 700 S.W.2d 131, 133 (Mo. App. 1985) ; see also Meyers v. Gillis , 93 F.3d 1147, 1151-52 (3d Cir. 1996) ; Higgason v. Clark , 984 F.2d 203, 207-08 (7th Cir. 1993) ; Willbright v. Smith , 745 F.2d 779, 780 (2d Cir. 1984). Rather, the factual basis serves as a safeguard to the "defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." McCarthy. 394 U.S. at 467, 89 S.Ct. 1166 ; see also Frantz v. State , 451 S.W.3d 697, 702 (Mo. App. 2014). Therefore, while a sufficient factual basis can be an important factor in a voluntariness determination, whether a plea is knowing and voluntary is determined from the record as a whole. See Wilson v. State , 813 S.W.2d 833, 838 (Mo. banc 1991).
Accordingly, despite the confusion, a "factual basis" and a "knowing and voluntary plea" are distinguishable and not interchangeable terms, and the use of "factual basis" synonymously with "knowing and voluntary plea" is a misapplication of the law. Any case law to the contrary should no longer be followed.
The Plea Was Knowing and Voluntary
To the extent Mr. Booker contends his plea was unknowing and involuntary, his contention is refuted by the record. On appeal, a reviewing court examines whether the case record, as a whole, supports a finding that the plea was knowingly and voluntarily entered. Wilson , 813 S.W.2d at 838. A reviewing court can look outside the "four corners of the transcript of the plea hearing" and consider sources of information that are "still part of the record" such as transcripts from the arraignment or other preliminary proceedings in order to make the determination that a plea was knowingly and voluntarily entered as constitutionally required. Vonn , 535 U.S. at 74-75, 122 S.Ct. 1043.
Mr. Booker was charged with and pleaded guilty to acting with four others in committing assault in the first degree. A person is guilty of assault in the first *529 degree if the person "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050. A person is an accomplice, and therefore criminally responsible for the conduct of another, when "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." Section 562.041.1(2).
Mr. Booker first asserts his guilty plea was not knowing and voluntary because the record does not make clear he was aware of whether he was pleading guilty as a principal or an accomplice. But Missouri has abrogated the distinction between principals and accessories; "all persons who act in concert are equally guilty." State v. Barnum , 14 S.W.3d 587, 591 (Mo. banc 2000). Accordingly, the state is not required to designate when a defendant is being charged as an accomplice because charging a defendant as a principal or as an accomplice has the same legal effect. State v. Biggs, 170 S.W.3d 498, 504 (Mo. App. 2005).
Moreover, the record conclusively refutes Mr. Booker's claim that he lacked an awareness of whether he was being charged as a principal or accomplice. First, Mr. Booker accepted responsibility for the acts of others as an accomplice when he admitted to the state's recitation of the facts. During the plea colloquy, the language from Mr. Booker's indictment was read, including language he committed the offense by "acting with others." The recitation of facts also included multiple statements that Mr. Booker was "acting with" his codefendants and utilized language from section 562.041 for accomplice liability.
Additionally, at the plea hearing, Mr. Booker also pleaded guilty to two other offenses-second degree robbery and misdemeanor assault-for which he was charged in a separate case under a theory of accomplice liability. During the plea, Mr. Booker expressed some confusion that he could be charged for robbery when he assaulted the victim but it was his codefendant who removed money from the victim. The plea court called a recess for Mr. Booker to talk with his attorney. After the break, the plea court went through the evidence of the offense again and inquired whether his attorney explained to him what it meant to be "acting with another." The plea court then asked if he understood this, and Mr. Booker answered affirmatively. When questioned regarding his guilty plea in this case, Mr. Booker did not equivocate in admitting he "acted with" others in committing the assault on A.A. The record, therefore, refutes Mr. Booker's assertion that his plea was unknowing and involuntary because he was unaware whether he was being charged as a principal or an accomplice.
Mr. Booker further asserts the record shows he did not express an awareness during the plea colloquy that he needed to have acted with the intent or common purpose of attempting to kill or cause serious physical injury to A.A. He contends it is possible he pleaded guilty just because he had some involvement in a fight that ended with an individual sustaining serious physical injuries even though it was never his purpose to cause serious physical injury. In support of his assertions, Mr. Booker relies on section 562.051.
Section 562.051 provides: "Except as otherwise provided, when two or more persons are criminally responsible for an offense which is divided into degrees, each person is guilty of such degree as is compatible with his own culpable mental state and with his own accountability for an aggravating or mitigating fact or circumstance." This Court has held, when read *530 together with section 562.041.1, section 562.051 requires that, to be found guilty as an accomplice, one must have the culpable mental state to have acted with the purpose of promoting the particular underlying offense.[2] State v. White , 622 S.W.2d 939, 945 (Mo. banc 1981), overruled on other grounds by State v. O'Brien , 857 S.W.2d 212 (Mo. banc 1993). Therefore, pursuant to section 562.051, the state would have to prove Mr. Booker acted with the purpose to promote or further the commission of the underlying offense-assault in the first degree.
Mr. Booker asserts the record does not establish he was aware he had to possess the requisite culpable mental state for first degree assault to be found guilty as an accomplice. But "the necessary intent may be based upon circumstantial evidence or inferred from surrounding facts such as the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." State v. Osborn , 504 S.W.3d 865, 876 (Mo. App. 2016) (internal quotation omitted). "[A]ssociating with those [who] committed the crime before, during, or after its occurrence, acting as part of a show of force in the commission of the crime, attempting flight from the crime scene, or failing to assist the victim or seek medical help are all factors" that can be considered in determining whether the defendant acted with the purpose to promote the underlying offense. Barnum , 14 S.W.3d at 591.
At the plea hearing, the prosecutor stated the state would prove, beyond a reasonable doubt that Mr. Booker, "acting with [the four codefendants,] committed the class A felony of assault in the first degree in that ... the defendant acting with [four codefendants] struck [A.A.], and such conduct was a substantial step toward the commission of the crime of attempting to kill or cause serious physical injury to [A.A.] and was done for the purpose of committing such assault , and in the course thereof inflicted serious physical injury on the person of [A.A.]." (Emphasis added). Mr. Booker admitted to being present during the entire sequence of events and then fleeing the scene at some point afterwards.
Mr. Booker, therefore, admitted his conduct of "acting with" his codefendants was a "substantial step towards the commission of the crime of attempting to kill or cause serious physical injury" and specifically admitted he acted with "the purpose of committing such assault." Mr. Booker never equivocated about his mental state. He objected only to the chronology of events to clarify that the codefendants stomped on A.A.'s head after he knocked him to the ground and hit him. This was done to show Mr. Booker was less culpable than his codefendants for sentencing purposes, but it does not indicate Mr. Booker was unaware of the elements of the charge.
Accordingly, the record refutes Mr. Booker's claim he pleaded guilty without awareness he must have acted with the purpose to promote first degree assault. The recitation of facts and description of the charge adequately apprised Mr. Booker of the factual circumstances in relation to the legal requirements to show he committed first degree assault. Mr. Booker pleaded guilty with an awareness of the circumstances of the charge and the probable consequences. Therefore, the record *531 conclusively refutes Mr. Booker's claims his plea was not made knowingly, voluntarily, and intelligently. The motion court did not clearly err in failing to grant him an evidentiary hearing on this claim.
No Ineffective Assistance of Counsel
In Mr. Booker's second point, he asserts the motion court clearly erred in denying him an evidentiary hearing on his ineffective assistance of counsel claim because the record does not conclusively refute his claim that plea counsel was ineffective for failing to advise he had a viable defense to the charge of first degree assault in that he acted under the influence of sudden passion arising out of adequate cause. Mr. Booker contends, but for his plea counsel's ineffectiveness, he would not have pleaded guilty and would have insisted on going to trial.
To state a claim for ineffective assistance of counsel, "the movant must allege facts, not mere conclusions, demonstrating: (1) that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that counsel's deficient performance actually prejudiced the movant." DePriest v. State , 510 S.W.3d 331, 338 (Mo. banc 2017) (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). In the context of a guilty plea, the defendant waives any claims counsel was ineffective "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005). Accordingly, when the movant enters a guilty plea, the movant can only satisfy the prejudice requirement by alleging facts showing that but for counsel's deficient performance, the movant would not have pleaded guilty and would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1984).
Section 565.060.1(1) provides, "A person commits the crime of assault in the second degree if he ... knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause." "Sudden passion" is defined as "passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation." Section 565.002(7). It must be "so extreme that for the moment, the action is being directed by passion, not reason." State v. Avery , 120 S.W.3d 196, 205 (Mo. banc 2003). " 'Adequate cause' means cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control." Section 565.002(1).
The evidence Mr. Booker argues would have supported the defense of sudden passion arising out of adequate cause is that he assaulted A.A. only after A.A. got out of his car and tried to punch Mr. Lane when Mr. Lane attempted to stop Mr. Jones from "putting himself on" Mr. Booker's cousin, Ms. Jeffries. But as found by the motion court, the record refutes these facts. Mr. Booker admitted at the plea hearing that Mr. Jones was the individual harassing or "putting himself on" Ms. Jeffries. Only after Mr. Lane intervened and he and Mr. Jones began pushing each other did A.A. approach the situation. Mr. Booker further admitted Mr. Lane swung first at A.A. Mr. Booker then hit A.A. and knocked him down.
Moreover, Mr. Booker fails to cite any case law supporting his claim the motion court clearly erred in finding the facts he admitted at the guilty plea hearing refuted his ineffective assistance claim or that the motion court was compelled to believe the *532 more favorable version of the facts asserted in his Rule 24.035 motion. Rather, Mr. Booker relies solely on general case law regarding ineffective assistance of counsel, entitlement to an evidentiary hearing, and the defense of sudden passion arising out of adequate cause.
Additionally, even if this Court considers the more favorable facts asserted in his postconviction motion-that Mr. Jones was sexually harassing Ms. Jeffries and that A.A. and Mr. Jones swung at Mr. Lane after Mr. Lane and Mr. Jones were pushing each other-Mr. Booker's claim, nonetheless, still fails. He does not cite authority to support a finding that the facts, even in that light, constitute sufficient adequate cause to overcome the self-control of a reasonable person and provoke the attempt to kill or purposefully inflict serious physical injury on A.A. Mr. Booker further fails to cite case law that, under these facts, his plea counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney when he failed to advise him of the defense of sudden passion arising out of adequate cause in section 565.002(1). Mr. Booker, therefore, fails to meet his burden of proving the motion court clearly erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel.
Conclusion
The motion court did not clearly err in finding the record conclusively refutes Mr. Booker's claims that his guilty plea was not knowing and voluntary and that his plea counsel was ineffective. Accordingly, the motion court's judgment is affirmed.
All concur.

All statutory citations are to RSMo 2000, unless otherwise noted.

To the extent cases such as State v. Sims , 684 S.W.2d 555 (Mo. App. 1984), State v. Forister , 823 S.W.2d 504 (Mo. App. 1992), State v. Hicks , 203 S.W.3d 241 (Mo. App. 2006), State v. Liles , 237 S.W.3d 636 (Mo. App. 2007), State v. Johnson , 456 S.W.3d 521 (Mo. App. 2015), and their progeny have been read to hold that, to be guilty as an accomplice, the only intent required is the intent to promote "an offense," and not the intent to promote the underlying offense, they misstate the law and should no longer be followed.