

# Missouri Court of Appeals

## Southern District

### Division One

JODI DANIELLE MARTIN,      )
     )
       Movant-Appellant,      )
     )
v.      )      No. SD35498
     )
STATE OF MISSOURI,      )      **Filed:  Feb. 21, 2019**
     )
       Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF BOLLINGER COUNTY

#### Honorable Benjamin F. Lewis

### <u>AFFIRMED</u>

Jodi Danielle Martin ("Movant") appeals the denial, without an evidentiary hearing, of her Rule 24.035[1] motion for post-conviction relief.  In two points on appeal, Movant claims the trial court clearly erred in denying relief without holding an evidentiary hearing because:  (1) "she alleged facts, not conclusions, which if proven," would establish that there was no factual basis for her conviction and therefore it was not knowing and voluntary; and (2) her plea counsel was ineffective for advising her to plead

---

[1] All rule references are to Missouri Court Rules (2018), and all statutory references are to RSMo Cum. Supp. 2006.

guilty without informing her of the nature of the charge and what the State would need to prove at trial. Because the record conclusively refutes Movant's claims, we affirm.

**Background**

On November 13, 2013, the State charged Movant by information with eleven counts of the class-C felony of forgery, *see* section 570.090, and eleven counts of the class-C felony of passing a bad check, *see* section 570.120. On April 3, 2014, Movant pleaded guilty to the twelfth count of the information ("Count XII"), which charged the following:

> [Movant], . . . in violation of Section 570.120, . . . committed the **Class C Felony of passing bad checks**, . . . in that on or about March 21, 2013, in the County of Bollinger, State of Missouri, [Movant], with the purpose to defraud, passed and/or made a check in the amount of $60.00, drawn upon a nonexistent account with 1st State Midwest Bank, payable to Country Mart knowing that it would not be paid.

In exchange for her guilty plea, the State dismissed the other 21 charges.

> The plea court's description of the Count XII charge was:

> [T]he State has alleged that on or about March 21st of 2013 in Bollinger County, Missouri, you committed the Class C felony of passing bad checks in that you, *with the purpose to defraud*, passed or made a check in the amount of sixty dollars and drawn upon a non-existent account with First State Midwest Bank payable to Country Mart knowing that it would not be paid. (Emphasis added).

The plea court then proceeded to question Movant about alleged facts that would support the elements of the charge. During that exchange, Movant told the court that she wrote the check on her grandmother's account, that she received gas and cash in exchange for the sixty-dollar check, and it cost her nothing because it was a worthless check. Movant acknowledged that the account: (1) was in her grandmother's name; (2) had been frozen since her grandmother's death; (3) was the equivalent of "non-existent"

2

because it was inactive; (4) no one could write a check on it; and (5) it did not exist for purposes of writing and paying checks. The plea court then accepted Movant's plea of guilty, finding that she had admitted to conduct that satisfied all of the elements of the charged offense.

The plea court sentenced Movant to five years in the Department of Corrections, but it suspended execution of that sentence and placed Movant on a five-year term of probation. Movant's probation was later revoked, and her sentence was executed on February 2, 2017. Movant's amended motion for post-conviction relief was timely filed on October 4, 2017.[2] That motion included the same claims Movant now presents on appeal.

On March 28, 2018, the motion court found that Movant's claims were conclusively refuted by the records and files in the case and denied her amended motion without granting an evidentiary hearing. Movant now timely appeals that decision.

**Standard of Review**

"Appellate review of the motion court's denial of a Rule 24.035 motion is 'limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous.'" *Thompson v. State*, 449 S.W.3d 53, 57 (Mo. App. W.D. 2014) (citing Rule 24.035(k)). "We presume that the motion court's findings are correct; thus, the appellant bears the burden of demonstrating clear error." *Thompson*, 449 S.W.3d at 57.

---

[2] We have independently verified the timeliness of Movant's motion. *See **Harris v. State***, 562 S.W.3d 363, 364 n.2 (citing ***Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015)); ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012). Movant did not appeal her conviction, and on May 11, 2017, she filed her original motion for post-conviction relief. The transcript of the guilty plea and sentencing proceedings were filed in the circuit court on June 21, 2017. On July 6, 2017, the motion court appointed counsel to represent Movant. On July 12, 2017, the court granted Movant an additional thirty days in which to file Movant's amended motion, making the same due on October 4, 2017.

If "the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h). A movant "is entitled to an evidentiary hearing only if: (1) he alleges facts that, if true, would warrant relief; (2) the allegations are not refuted by the record; and (3) the movant was prejudiced by the alleged errors." *Thompson*, 449 S.W.3d at 58 (internal citation omitted).

**Analysis**

*Point 1*

Movant's first point claims:

> The motion court erred in denying [Movant]'s Rule 24.035 motion for post-conviction relief without an evidentiary hearing because she alleged facts, not conclusions, which if proven, would warrant relief and are not conclusively refuted by the files and records. [Movant] was deprived of her rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United State Constitution and Article I, Section 10 of the Missouri Constitution in that the State failed to present sufficient facts at [Movant]'s guilty plea hearing to establish she committed one count of passing a bad check in violation of [section] 570.120, RSMo 2000 (Count XII), and the plea court accepted a plea of guilty from [Movant] where there was no factual basis established as required by Rule 24.02(e).

To the extent that Movant claims the plea court failed to establish a factual basis for Movant's plea of guilty to passing a bad check as required by Rule 24.02(e), her claim is not cognizable in a post-conviction proceeding.

Our high court recently made clear that "a sufficient factual basis is not constitutionally required." *Booker v. State*, 552 S.W.3d 522, 528 (Mo. banc 2018). *See also* Rule 24.035(a) (allowing claims that "the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States"). Rather, the essential inquiry in a guilty plea proceeding is whether the plea was knowing and

4

voluntary.  ***Booker***, 552 S.W.3d at 527 (citing ***McCarthy v. United States***, 394 U.S. 459, 466 (1969)), and ***State v. Shafer***, 969 S.W.2d 719, 731 (Mo. banc 1998).

As noted in ***Booker***, "Missouri courts have routinely used 'factual basis' synonymously and interchangeably with a 'knowing and voluntary plea.'"  552 S.W.3d at 527-28.  However, "while a sufficient factual basis can be an important factor in a voluntariness determination, whether a plea is knowing and voluntary is determined from the record as a whole."  ***Id.*** at 528 (citing ***Wilson v. State***, 813 S.W.2d 833, 838 (Mo. banc 1991)).  Given the improper conflation of these two distinct inquiries in the case law extant at the time Movant filed her brief, we construe and analyze Movant's claim as an assertion that her plea was unknowing and involuntary because she did not understand the elements of the crime she admitted committing.

> On appeal, a reviewing court examines whether the case record, as a whole, supports a finding that the plea was knowingly and voluntarily entered.  *Wilson*, 813 S.W.2d at 838.  A reviewing court can look outside the "four corners of the transcript of the plea hearing" and consider sources of information that are "still part of the record" such as transcripts from the arraignment or other preliminary proceedings in order to make the determination that a plea was knowingly and voluntarily entered as constitutionally required.  [*United States v.*] *Vonn*, 535 U.S. [55,] 74-75, 122 S.Ct. 1043 [(2002)].

***Booker***, 552 S.W.3d at 528.

Movant was charged with passing a bad check in violation of section 570.120. Under section 570.120.1(1):

> A person commits the crime of passing a bad check when:  (1) With purpose to defraud, the person makes, issues or passes a check or other similar sight order or any other form of presentment involving the transmission of account information for the payment of money, knowing that it will not be paid by the drawee, or that there is no such drawee[.]

5

If the issuer had no account with the drawee or there was no such drawee at the time the check was issued, passing a bad check is a class-C felony. Section 570.120.4. The State must establish that a defendant had the intent to defraud at the time the check was passed. ***State v. Harris***, 913 S.W.2d 348, 350 (Mo. App. E.D. 1995).

In support of her point, Movant argues that she never admitted at the plea hearing "that at the time she wrote the $60.00 check . . . she was aware the account was frozen" and "never admitted that at the time she wrote the check she had the purpose to defraud and was aware the account was frozen, or non-existent as alleged by the State." The motion court did not clearly err in finding that this claim is refuted by the record.

Before examining Movant on the facts of the crime, the plea court extensively covered the plea agreement in Movant's case, along with the applicable range of punishment. After the State said it would recommend probation, the plea court told Movant three times that she could face up to seven years in prison, and that the court did not have to accept the State's probation recommendation and could sentence Movant to prison. Movant stated that she understood.

The following exchange then occurred between Movant and the court:

| [Plea Court:] | On March 21st of 2013, were you in Bollinger County? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | Did you go to the Country Mart store here in Marble Hill? |
| [Movant:] | Yes, sir. |

. . . .

| [Plea Court:] | Did you write them a check for sixty dollars? |
| [Movant:] | Yes, sir. |

6

| | |
|---|---|
| [Plea Court:] | And that check was drawn on First State Midwest Bank, is that correct? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | Did you have an account there? |
| [Movant:] | No, sir. |
| [Plea Court:] | So there was no way in the world there was any account that was going to pay that check, correct? |
| [Movant:] | Well, it was in my grandma's name and there is an account. It's just frozen. |
| [Plea Court:] | Well, this says that it was a non-existent account. |
| [The State]: | Non-existent in that it was inactive. It was frozen after her grandmother's death a few years earlier. |
| [Plea Court:] | [T]here had been an account in your grandmother's name? |
| [Movant:] | Yes. |
| [Plea Court:] | But there wasn't on March 21st of 2013? Nobody could write a check -- |
| [Movant:] | Nobody could write a check on it. Yes, that's correct. |
| [Plea Court:] | -- on March 21st of 2013. So for the purpose of writing and paying checks, it did not exist? |
| [Movant:] | Right. Okay. Yes, sir. |
| [Plea Court:] | And you knew that? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | And you did all this in order to get sixty dollars worth of something from Country Mart, correct? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | Sounds like you got cash? |
| [Movant:] | Gas and cash. |

7

| [Plea Court:] | You got something? |
|---|---|
| [Movant:] | Yes. |
| [Plea Court:] | And it actually cost you nothing because you gave them a worthless check? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | Have you read that petition to enter a plea of guilty? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | Are all the statements in that petition true? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | If all those statements are true and you intend to plead guilty, you need to sign that form on each line that says defendant. |
| [Movant:] | ([Movant] signed petition.) |
| [Plea Court:] | Is this your signature on the petition to enter a plea of guilty? |
| [Movant:] | Yes, sir. |

Movant also acknowledged that she had read the information, which alleged that she had a *purpose to defraud* when she passed the $60 check. She also admitted that she discussed the charge with her attorney and fully understood every charge made against her.

Further, in her "**PETITION TO ENTER PLEA OF GUILTY**" ("guilty plea petition"), Movant represented to the plea court that her attorney had counseled and advised her on the nature of the charge, all lesser-included charges, and on any possible defenses she might have in the case.

8

To the extent that Movant argues she made a "mistake" and did not intend to defraud anyone at the time she passed the check, her argument is unavailing because it is based solely on statements she made at her sentencing hearing, and those statements were in direct contradiction to the sworn testimony she provided at her plea hearing. *See Kennicutt v. State*, 537 S.W.3d 347, 351-52 (Mo. App. W.D. 2017) (observing that, where movant later testified differently than he had at the plea hearing, the sentencing court could choose to believe the testimony offered at the plea hearing).

Movant's argument that her plea was not knowing and voluntary is refuted by the record. The recitation of the facts, description of the charge and range of punishment, and Movant's colloquy with the plea court all establish that Movant "pleaded guilty with an awareness of the circumstances of the charge and the probable consequences." *Booker*, 552 S.W.3d at 530. Because the record conclusively refutes Movant's claim that her plea was not knowing, intelligent, and voluntary, the motion court did not err in denying Movant's motion without an evidentiary hearing. *Id.* at 530-31. Point 1 is denied.

*Point 2*

Movant's second point claims that plea counsel was ineffective for advising her to plead guilty to the charge of passing a bad check because "[h]ad plea counsel adequately advised [Movant] of the nature of charge [sic] against her as well as what the State had to prove and present at the guilty plea hearing to establish she committed passing a bad check, she would not have pled guilty on Count XII."

"When a movant who pleads guilty to an offense files a motion for post-conviction relief, he waives all errors regarding ineffective assistance of counsel except

9

those that affect the voluntariness and knowledge of the plea." ***Azbell v. State***, 144 S.W.3d 863, 872 (Mo. App. S.D. 2004) (citing ***Beal v. State,*** 51 S.W.3d 109, 111 (Mo. App. W.D. 2001)).

> A claim of ineffective assistance of counsel following a guilty plea is irrelevant except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made, *Bequette v. State,* 161 S.W.3d 905, 906 (Mo.App. E.D.2005). A guilty plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act. *Davis v. State,* 435 S.W.3d 113, 116 (Mo.App. E.D.2014). As explained, where a movant alleges ineffective assistance of counsel following a guilty plea, "[i]f an examination of the guilty plea proceedings directly refute that movant's plea was involuntary, movant is not entitled to an evidentiary hearing." *Cain* [*v. State*]*,* 859 S.W.2d [715,] 717 [(Mo. App. E.D. 1993)].

***Whitehead v. State***, 481 S.W.3d 116, 123 (Mo. App. E.D. 2016).

Movant's second claim is also refuted by the record. Before taking her guilty plea, the plea court questioned Movant as follows:

| [Plea Court:] | Do you understand what you're charged with? |
|---|---|
| [Movant:] | Yes, sir. |
| [Plea Court:] | Do you intend to plead guilty to Count XII of this information? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | You understand you don't have to plead guilty to any counts, you have a right to a trial if you want one? |
| [Movant:] | Yes, sir. |

. . . .

| [Plea Court:] | If you have a trial, you can't be convicted unless the State proves that you're guilty and proves that beyond a reasonable doubt. Do you understand that? |
|---|---|
| [Movant:] | Yes, sir. |

10

| | |
|---|---|
| [Plea Court:] | At that trial the prosecutor would have to bring the witnesses against you into this courtroom to testify and [plea counsel] could cross examine those witnesses. Do you understand that? |
| [Movant:] | Yes, sir. |
| [Plea Court:] | You would have a right to present a defense to the charge if you wanted to but you wouldn't be required to because if we had a trial, the burden would be on the State to prove that you're guilty and there's no burden on you to prove anything. Do you understand that? |
| [Movant:] | Yes, sir. |
| | . . . . |
| [Plea Court:] | If it was a jury trial, you could not be convicted unless all 12 of the jurors found that you were guilty and all 12 voted to convict you. Do you understand that? |
| [Movant:] | Yes, sir. |

The plea court then read the information to Movant, which charged that "with the purpose to defraud, [Movant] passed or made a check in the amount of sixty dollars and drawn upon a non-existent account[.]" After reviewing each individual element with Movant, as noted in our analysis of Point 1, the plea court asked Movant to sign the guilty plea petition if all the statements in it were true. Movant signed the guilty plea petition, thereby acknowledging that plea counsel had advised her on the nature of the charges against her, and all possible defenses to those charges. Movant also indicated that she was "[m]ost definitely" satisfied with the services of her attorney, that he had investigated the facts of the case to her satisfaction, and he had done everything Movant had asked him to do.

11

These admissions, as well as those noted in our analysis of Movant's first point, establish that Movant's plea was a voluntary, knowing, and intelligent act done with sufficient awareness of the circumstances and consequences.[3] *Whitehead*, 481 S.W.3d at 126.

Point 2 is also denied, and the denial of Movant's amended motion without an evidentiary hearing is affirmed.

DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS

---

[3] We also note that in support of her claim that plea counsel's alleged failures were prejudicial, Movant makes nothing more than a bare assertion that, had plea counsel's performance not been deficient, Movant would have insisted on going to trial. That claim surely appeared improbable to the motion court because if Movant had proceeded to trial, she would have been facing possible conviction on 22 felony counts instead of one. The motion court would not have clearly erred in finding that Movant's decision to plead guilty likely "represented 'a voluntary choice of alternatives available to [her] at the time, according to [her] own best interests.'" *Dodd v. State*, 347 S.W.3d 659, 665 (Mo. App. S.D. 2011) (quoting *Turner v. State*, 755 S.W.2d 409, 410 (Mo. App. E.D. 1988)).