

# Missouri Court of Appeals

## Southern District

### Division Two

TIMOTHY EASLEY, )
)
    Movant-Appellant, )
)
v. ) No. SD36762
) Filed: April 29, 2021
STATE OF MISSOURI, )
)
    Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

#### Honorable Robert N. Mayer, Circuit Judge

**<u>AFFIRMED</u>**

Timothy Easley (Movant) appeals from an order, entered after an evidentiary hearing, that denied his amended Rule 24.035 motion to set aside his conviction for the class A felony of assault in the first degree. *See* § 565.050.[1] Movant presents two points for decision. In Point 1, Movant contends the motion court clearly erred by denying relief because there was an insufficient factual basis for Movant's guilty plea. In Point 2, Movant contends the motion court clearly erred by deciding that plea counsel effectively advised Movant about the elements of first-degree assault. We affirm the motion court's order

---

[1] All references to rules are to Missouri Court Rules (2017). All references to statutes are to RSMo Noncum. Supp. (2014).

because: (1) Movant's first point presents a claim that is not cognizable in this post-conviction proceeding; and (2) Movant's second point ignores the motion court's credibility determinations.

*Factual and Procedural Background*

On August 25, 2016, a corrections officer of the Dunklin County Sheriff's Department filed an affidavit stating that he had probable cause to believe Movant committed an assault in the first degree, "in that on Wednesday 08/17/2016 at approximately 10:00am [Movant] caused serious physical injury" to Doyle Gray (Victim) "by striking him in the face multiple times, resulting in numerous facial fractures." On October 19, 2017, the prosecutor charged Movant by information with committing the class A felony of assault in the first degree, in violation of § 565.050. The information alleged that, on or about August 17, 2016, Movant "knowingly caused serious physical injury to [Victim] by striking him."

Catherine Rice (Rice) was appointed as Movant's lawyer on June 4, 2017.[2] Rice met with Movant "five or six times" in September and October 2017. She followed her usual practice of copying the State's discovery information and providing it to Movant. The charged incident involved an in-jail assault on another prisoner. Victim's jaw was broken in the assault. Rice discussed the discovery with Movant, as well as the pros and cons of taking a plea versus going to trial. She explained in laymen's terms what "serious physical injury" meant. Movant was not confused about the statutory meaning of that term. She advised Movant that there were some issues with the first-degree assault charge

---

[2] The facts in this paragraph are drawn from Rice's deposition, which was introduced at the evidentiary hearing on the amended motion.

because Victim might not show up, Victim might have a record, or the jury might go for second-degree or third-degree assault. Rice and Movant also discussed self-defense, which would probably require Movant to take the stand. Rice wanted to take the case to trial because the assault occurred in jail. Movant wanted to plead guilty.

On October 25, 2017, Movant appeared to enter a plea of guilty to the first-degree assault charge. All other pending charges against Movant were dismissed as part of the plea agreement. Movant was sworn and gave the following testimony.

Movant was 45 years old and had taken some college courses. He understood that he had been charged with the class A felony of first-degree assault. He had talked about the case with Rice, and she had "gone over with [Movant] the meaning of the charge and explained to [Movant] what the minimum and maximum punishments would be as well as defenses to the charge[.]" No one had made him any promises in exchange for a guilty plea, and no one had forced or pressured him to plead guilty. Movant pled guilty to the charged offense in the following exchange:

THE COURT: Mr. Prosecutor, would you state the facts of the case.

[Prosecutor]: On or about August 17, 2016, in Dunklin County, Missouri, the Defendant knowingly caused serious physical injury to [Victim] by striking him.

Q. [Movant], is what the Prosecutor just said true?

A. Yes, sir.

THE COURT: Well, let the record reflect that the Defendant, Mr. Timothy Easley, fully understands his Constitutional rights, the nature of the crime charged, the range in punishment and that he knowingly, voluntarily and intelligently waives his Constitutional rights and enters plea of guilty. The Court also finds that there is a factual basis for his plea and, therefore, it's ordered that his plea be accepted and entered in the records of the court.

3

The judge followed the prosecutor's recommendation in the plea agreement and imposed the following sentence: (1) Movant received a ten-year sentence with execution suspended; (2) he was placed on probation for five years; and (3) he was ordered to pay restitution in the amount of $6,000 to Victim.

On May 17, 2018, the court conducted a probation-revocation hearing to determine whether Movant had violated the terms and conditions of probation. After receiving evidence on that issue, the court determined that Movant had done so. The court revoked Movant's probation and ordered his sentence executed.

Movant timely filed a *pro se* motion for post-conviction relief. Appointed counsel timely filed an amended motion.[3] Only two claims in the amended motion are at issue on appeal. The first relevant claim alleged a due-process violation based on an insufficient factual basis for the guilty plea. According to Movant, he was denied due process of law under the federal and state constitutions because the plea court failed to comply with the requirement in Rule 24.02(e) that there be a sufficient factual basis for his plea of guilty to assault in the first degree. Movant alleged that the lack of a factual basis "rendered [Movant's] guilty plea involuntary, unknowing, and unintelligent." The second relevant claim alleged that Rice was ineffective for failing to advise Movant of the elements of assault in the first degree, including the statutory definition of "serious physical injury."

The motion court held an evidentiary hearing on the amended motion. Rice and Movant each testified via deposition. Rice's testimony has been summarized above. Movant gave the following testimony in his deposition. He met with Rice only twice before

---

[3] This Court has independently verified the timeliness of Movant's *pro se* and amended post-conviction motions. *See **Moore v. State**,* 458 S.W.3d 822, 825-26 (Mo. banc 2015).

4

pleading guilty. He did not go over the discovery in his case with Rice. She never discussed the charged incident and "never asked [Movant] one thing" about his case. She recommended that Movant plead guilty. She did not discuss lesser-included charges or defenses. She did not explain the statutory definition of serious physical injury.

The motion court denied the relief requested in the amended motion. With respect to the due-process claim, the court decided that the factual basis was adequate. With respect to the ineffective-assistance claim, the motion court found that the following testimony from Rice was credible: (1) she explained the meaning of the charge to Movant; (2) he was not confused about the meaning of serious physical injury; and (3) she reviewed the discovery with Movant, including the probable cause statement specifying that Movant caused serious physical injury to Victim by striking him multiple times in the face, resulting in numerous facial fractures. The motion court also found credible Movant's sworn statement at the plea hearing that Rice had gone over the meaning of the charge with Movant. This appeal followed.

*Standard of Review*

Appellate review of an order entered pursuant to Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Cook v. State*, 593 S.W.3d 117, 118 (Mo. App. 2020). A motion court's findings and conclusions are clearly erroneous only if this Court, after reviewing the record, is left with a definite and firm impression that a mistake was made. *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011). We presume the motion court's findings and conclusions are correct, and we defer to the motion court's superior

opportunity to judge the credibility of witnesses. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019).

*Point 1*

In Point 1, Movant contends the motion court clearly erred in finding a sufficient factual basis for Movant's guilty plea to the charge of first-degree assault, as required by Rule 24.02(e). Movant argues that the lack of a sufficient factual basis means he can withdraw his guilty plea. We disagree because this claim is not cognizable in a Rule 24.035 post-conviction proceeding. *See Martin v. State*, 568 S.W.3d 78, 81 (Mo. App. 2019).

Insofar as relevant here, Rule 24.035(a) permits a person who pleads guilty to a felony to challenge the conviction or sentence because it violates the constitutions of the United States or Missouri. *Id*. The amended motion alleged that noncompliance with Rule 24.02(e) is a due-process violation. This premise is false because a sufficient factual basis for a guilty plea is not constitutionally required. *Booker v. State*, 552 S.W.3d 522, 528 (Mo. banc 2018). The Rule 24.02(e) procedure merely assists the plea court in deciding whether a guilty plea is voluntarily, intelligently and knowingly made. *Id*. at 527. "A factual basis exists when the conduct the defendant admits establishes the defendant's commission of the offense that is the subject of the plea." *Id*. The amended motion also alleged that the absence of a sufficient factual basis "rendered [Movant's] guilty plea involuntary, unknowing, and unintelligent." This premise is false because the term "factual basis" is not interchangeable or synonymous with a "knowing and voluntary plea." *Id*. at 527-28. It is a misapplication of the law to improperly conflate those terms. *Id*. at 528; *see Martin*, 568 S.W.3d at 82. "[W]hether a plea is knowing and voluntary is determined from the record as a whole." *Booker*, 552 S.W.3d at 528; *see also Martin*, 568 S.W.3d at

6

82 (a reviewing court examines whether the case record, as a whole, supports a finding that the plea was knowingly and voluntarily entered).

Movant argues in his brief that this Court should exercise its discretion to review Point 1 *ex gratia* because of this change in the law, as we did in *Martin*. We decline that request for the following reasons.

In *Martin*, the amended motion was filed on October 4, 2017. *Martin*, 568 S.W.3d at 80-81. The amended motion was denied on March 28, 2018. *Id*. at 81. *Booker* was handed down on June 12, 2018 and became final on August 21, 2018. *Booker*, 552 S.W.3d at 522. Thus, Martin's amended motion had been filed and denied before *Booker* was decided. We take judicial notice that the appellant's brief in *Martin* was filed on October 2, 2018.[4] Given those circumstances, we opted to analyze Martin's point on appeal as an assertion that her plea was unknowing and involuntary. *Martin*, 568 S.W.3d at 82.

The same circumstances do not exist in the case at bar. Movant's amended motion was filed on October 1, 2018, which was almost four months after *Booker* was decided. The appellant's brief in the case at bar cites both *Booker* and *Martin*. The argument presented in Point 1, however, is that: (1) whether a factual basis exists is determined from the record of the plea; and (2) Movant is entitled to withdraw his plea because it lacked a sufficient factual basis. As we noted in *Martin*, a claim that the plea court failed to establish a factual basis for the movant's guilty plea "is not cognizable in a post-conviction proceeding." *Martin*, 568 S.W.3d at 81. Accordingly, Point 1 is denied. *See Hicks v.*

---

[4] "An appellate court takes judicial notice of its own records." *State v. Wynn*, 391 S.W.2d 245, 247 (Mo. 1965); *Snyder v. State*, 288 S.W.3d 301, 302 n.1 (Mo. App. 2009).

7

*State*, 605 S.W.3d 95, 102 (Mo. App. 2020) (denying a point that was not cognizable in a Rule 29.15 proceeding).

*Point 2*

Point 2 contends Rice was ineffective for failing to advise Movant of the definition of "serious physical injury[,]" which is an element of first-degree assault. *See* § 565.050. A claim of ineffective assistance of counsel is immaterial except to the extent it impinges the voluntariness and knowledge with which the plea was made. ***Wray v. State***, 474 S.W.3d 230, 237 (Mo. App. 2015). "[T]he essential inquiry in a guilty plea proceeding is whether the plea was knowing and voluntary." ***Martin***, 568 S.W.3d at 81-82. A defendant's guilty plea is not truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. ***Booker***, 552 S.W.3d at 527.

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) counsel failed to perform with the level of skill and diligence that a reasonably competent attorney would have exercised in a similar situation (the performance prong); and (2) he or she was prejudiced by that failure (the prejudice prong). *See id*. at 531. A movant must establish both prongs of this test, and the failure to satisfy either prong means we need not consider the other. ***Butler v. State***, 108 S.W.3d 18, 25 (Mo. App. 2003). To establish prejudice in a guilty-plea case, the movant must prove that he would not have pleaded guilty and would have demanded a trial, but for counsel's errors. ***Johnson v. State***, 580 S.W.3d 895, 900 (Mo. banc 2019).

Movant's argument ignores our standard of review, which requires us to defer to the motion court's credibility determinations. Rice testified that she provided the State's discovery information to Movant. During Movant's in-jail assault on another prisoner,

8

Victim's jaw was broken. Rice discussed those facts with Movant, as well as the pros and cons of taking a plea versus going to trial. Rice explained in laymen's terms what serious physical injury meant. Movant was not confused about the statutory meaning of that term. She discussed weaknesses in the State's case on the first-degree assault charge and reviewed potential lesser-included offenses, as well as the possibility of self-defense. Rice wanted to take the case to trial, but Movant wanted to plead guilty. The motion court found Rice's testimony to be credible.

Further, at the plea hearing, Movant testified under oath that he understood he had been charged with the class A felony of first-degree assault. He affirmed Rice had "gone over with [him] the meaning of the charge and explained … what the minimum and maximum punishments would be as well as defenses to the charge[.]" Movant testified that no one had made him any promises in exchange for his guilty plea and no one had forced or pressured him to plead guilty. The motion court found Movant's testimony at the plea hearing to be credible.

For all these reasons, Movant has failed to meet his burden of proof on the ineffective-assistance claim under the performance prong of the analysis. Point 2 is denied.

The motion court's order denying Movant's amended Rule 24.035 motion is affirmed.


JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR